# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THEODORE B. STUART,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1217** (BOR Appeal No. 2050532)
                     (Claim No. 2009090183)

**WEST VIRGINIA DIVISION OF JUVENILE SERVICES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Theodore B. Stuart, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Division of Juvenile Services, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 30, 2015, in which the Board affirmed a May 18, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 10, 2014, decision which denied the addition of lumbar spinal stenosis, displacement of lumbar intervertebral disc, and spondylolisthesis to the claim as well as authorization of a lumbar fusion, an LSO back brace, and preadmission testing. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stuart, a correctional counselor, was injured in the course of his employment on April 29, 2009, while doing martial arts training. The claim was held compensable for lumbar strain, lumbosacral strain, and sacroiliac strain. Mr. Stuart has a well-documented history of back problems predating the compensable injury. On February 1, 2007, a lumbar spine MRI revealed mild to moderate degenerative spondylosis with a small annular fibrosis tear. A second lumbar

1

spine MRI performed on September 29, 2007, revealed degenerative disc disease with a mild bulge and annular tear at L5-S1 without a disc herniation or spinal stenosis, along with mild facet arthritic changes at the L5-S1 level. Another MRI performed on May 28, 2009, revealed facet arthritic changes at L4-5 and degenerative disc disease with a mild bulge and mild facet arthritic changes at L5-S1.

Following the April 29, 2009, injury, Mr. Stuart began treating with Michael Shramowiat, M.D., who treated him with various medications. Dr. Shramowiat has also made numerous requests for authorization of diagnostic imaging. ChaunFang Jin, M.D., performed a record review on August 5, 2009, in which she recommended denying the addition of cervical and lumbar radiculopathy to the claim. She noted that a 05/28/2009 MRI showed arthritic changes and degenerative disc disease but there was no evidence of disc herniation or stenosis. The MRI findings were consistent with degenerative disc disease which is not related to the compensable injury. She found no convincing clinical evidence of lumbar radiculopathy and opined that even if he has it, it is most likely caused by the pre-existing degenerative lumbar disease.

Sushil Sethi, M.D., performed an independent medical evaluation on August 18, 2009. He opined that the compensable soft tissue injuries had resolved long ago, and further opined that Mr. Stuart's current treatment is unrelated to the compensable injuries. On December 19, 2009, Rebecca Thaxton, M.D., performed a record review in which she recommended that lumbar epidural steroid injections be denied. She found that Mr. Stuart was determined to be at maximum medical improvement by Dr. Sethi. He also has a history of chronic lower back pain and degenerative spine changes. In a March 19, 2010, physician review, Randall Short, D.O., recommended denying a lumbar myelogram and medications as they were for the treatment of chronic, ongoing degenerative conditions unrelated to the compensable injury.

An April 13, 2010, lumbar CT showed early findings of degenerative disc disease at L5-S1 and mild spinal stenosis at L4-5, secondary to a mild bulge of the disc and degenerative changes of the facets. On November 5, 2010, Marsha Lee Bailey, M.D., performed an independent medical evaluation. She opined that Mr. Stuart's ongoing complaints are solely the result of degenerative disc disease, facet arthropathy, and disc osteophyte complexes and are unrelated to the compensable injury. She further opined that additional treatment is unnecessary in relation to the compensable injury and stated that Mr. Stuart's ongoing treatment is aimed at treating non-compensable conditions.

On April 6, 2012, James Dauphin, M.D., performed a physician review in which he recommended denying an EMG of the left lower extremity. He found that though Mr. Stuart may need a repeat MRI, it was not necessary for the compensable injury, which was a lumbar sprain that occurred more than two years prior. The claims administrator denied the request on June 8, 2012. That decision was subsequently affirmed by the Office of Judges, Board of Review, and this Court.

On November 14, 2013, William Zerick, M.D., noted that Mr. Stuart suffered a work-related injury on April 29, 2009, that resulted in neck pain that radiated into his left arm. Studies

2

had shown a disc herniation at C5-6. He also reported pain that radiates into his leg and an MRI showed a disc herniation at L5-S1. Dr. Zerick recommended surgery at C5-6 and L5-S1. In a March 5, 2014, physician review, Randall Short, D.O., recommended denying the addition of lumbar spinal stenosis, displacement of lumbar intervertebral disc, and spondylolisthesis to the claim as well as authorization of a lumbar fusion, an LSO back brace, and preadmission testing. He found that the medical records did not support the requests as they were unrelated to the compensable injury. The claims administrator denied the addition of lumbar spinal stenosis, displacement of lumbar intervertebral disc, and spondylolisthesis to the claim as well as authorization of a lumbar fusion, an LSO back brace, and preadmission testing on April 10, 2014.

Bruce Guberman, M.D., performed an independent medical evaluation on September 24, 2014, in which he noted that Mr. Stuart's symptoms had improved with surgery but only partially. He still had daily lumbar spine pain and leg pain, weakness, and tingling. Dr. Guberman noted that he injured his thoracic and lumbar spine in 2006 during a training exercise at work. He had intermittent lower back pain since that time, but it became more severe after the April 29, 2009, injury. Dr. Guberman diagnosed chronic post-traumatic lumbar sprain and disc herniation at L5-S1 superimposed on spondylolisthesis. He opined that the herniated lumbar disc was the result of the compensable injury. Spondylolisthesis was determined to be due to a combination of the April 29, 2009, injury and subsequent degeneration of the spine. It was not noted on MRIs prior to April 2013, and therefore, was likely not congenital in nature. He also opined that since it was not present until after the compensable injury, the injury is a significant contributing cause of the condition. He concluded that Mr. Stuart would not have required surgery for the spondylolisthesis, even if it were congenital, if not for the April 29, 2009 injury. Dr. Guberman opined that the surgery performed by Dr. Zerick, including all post-operative care, was necessary as a result of the compensable injury and therefore, it should be authorized.

The Office of Judges affirmed the claims administrator's decision denying the addition of lumbar spinal stenosis, displacement of lumbar intervertebral disc, and spondylolisthesis to the claim as well as authorization of a lumbar fusion, an LSO back brace, and preadmission testing. It found that the claim had been held compensable for lumbar, lumbosacral, and sacroiliac sprains. Sciatica was denied as a compensable condition. A May 28, 2009 lumbar MRI showed facet arthritic changes at L4-5 and degenerative disc disease with a mild disc bulge and mild facet arthritic changes at L5-S1. There was no disc herniation or spinal stenosis.

The Office of Judges noted its prior decision of August 18, 2011, which affirmed a claims administrator decision denying a request to add cervical and lumbar radiculopathy to the claim. The Office of Judges found in that case that Dr. Shramowiat was the sole medical professional of record who attributed lumbar or cervical radiculopathy to the compensable soft tissue injury. It also found that it was not even certain that Mr. Stuart suffers from those diagnoses, much less that they are related to the compensable injury. The Office of Judges also noted a second decision dated August 18, 2011, which denied temporary total disability benefits, a lumbar myelogram, and physical medicine therapy. The Office of Judges found in that case that Mr. Stuart's complaints of cervical and lumbar radiculopathy had been addressed and are not part of the claim. The current complaints were found to be more likely than not related to the

non-compensable degenerative changes. The Office of Judges' Orders were affirmed by the Board of Review and this Court.

In the present case, the Office of Judges found that Dr. Zerick requested the additional conditions, surgery, and treatment. The surgery was necessary to treat the disc herniation, stenosis, and spondylolisthesis. The Office of Judges found that Dr. Short opined in his March 5, 2014, physician review that the request should be denied. Mr. Stuart has continued ongoing treatment with Dr. Shramowiat and there have been multiple reviews regarding requests for medications, a lumbar myelogram, lumbar steroid injections, diagnostic workups, and additional treatment. Dr. Short found that the requests were denied by the claims administrator, Office of Judges, and Board of Review. The medical records do not support the diagnoses of lumbar stenosis, lumbar herniated disc, or spondylolisthesis as being related to the compensable injury. The requests were also reviewed by the StreetSelect Grievance Board, which also found that they were properly denied as they were not related to the compensable injury. The Office of Judges concluded that the request to add additional conditions comes four years after the injury occurred. There was no explanation by Dr. Zerick in his authorization request as to the relationship between the conditions and the compensable injury. Additionally, Mr. Stuart has a documented history of degenerative disease. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 30, 2015.

After review, we agree with the reasoning of the Office of Judges and conclusions of the Board of Review. Mr. Stuart has a long history of degenerative disc disease and arthritic changes in his lumbar spine. Various requests for treatment for the lumbar spine had been denied by the claims administrator, Office of Judges, Board of review, and this Court as unrelated to the compensable April 29, 2009, soft tissue injury. An MRI taken approximately one month after the injury showed degenerative changes already present in the lumbar spine.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4